U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D
APR 8 1981
ROBERT H. SHEMWELL, CLERK
BY_____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RICKEY DALE CONLEY

VS.                                CIVIL ACTION NO. CI 801709-LC

LAKE CHARLES SCHOOL BOARD,
ET AL

MEMO IN SUPPORT OF ANSWER TO
MOTION FOR MORE DEFINITE STATEMENT

MAY IT PLEASE THE COURT

Private plaintiffs filed its Motion for Additional Relief on or about November 4, 1980. The motion seeks relief based upon the fact that since the original action was filed in this Honorable Court on February 3, 1964, there still remains vestiges of the dual public school system in the Lake Charles school district and in Calcasieu Parish school system in violation of Brown v. Board of Education, 347 U.S. 483 (1954); Green v. County Board of New Kent County, Virginia, 391 U.S. 430, 437-438 (1968); Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1 (1971); Columbus Board of Education v. Penick, 99 S.St. 2941 (1979); Dayton Board of Education v. Brinkman, 99 S.Ct. 2971 (1979); United States v. Desoto Parish School Board, 566 F.2d 985 (5th Cir. 1978); United States v. Seminole County School District, 433 F.2d 992 (5th Cir. 1977) and Ellis v. Board of Public Instruction, 465 F.2d 878 (5th Cir. 1972) cert. denied, 410 U.S. 966 (1973), all in violation of the rights of private plaintiffs and all other blacks similarly situated.

Plaintiffs, further in the Motion for Additional Relief are the same plaintiffs who filed the original class action and seeks an extension of the same relief originally sought because of the fact that The Lake Charles School Board operates a dual system and presently have approximately fifty (50) schools, which are racially identifiable. Thereafter, defendants filed a



Motion for More Definite Statement, requesting specificity of capacity of each plaintiff and each defendant; what vestiges of the dual system still remains and the facts which determine the maintenance of one-race or predominately one race schools.

The attached answer gives with specificity the information requested by defendants. However, it is elementary that such specific pleadings are not required and or necessary in the federal court.

In <u>Conley</u> vs. <u>Gibson</u>, 1957 78 S.Ct. 99, 102; 355 U.S. 41,45 2 L.Ed. 80 the court said the rules require the complaint to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

Under Fed. Rules of Civil Procedure Rule 8(A)(2) 8(e)(1) and 8(f) is stated that technical forms of pleading are not required, that pleadings are to be construed liberally so as to do substantial justice, and, most important of all, they substitute the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" for the familiar "facts constituting a cause of action" of the codes.

Historically, pleadings have had four functions: (1) giving notice of the nature of a claim or defense; (2) stating the facts each party believes to exist; (3) narrowing the issues; and (4) providing a means for speedy disposition of shown claims and unsubstantial defenses.[1]

It is seriously submitted that the Motion for Additional Relief, filed by original plaintiffs in the class action of February 3, 1964, does meet the requirement as set out under the Federal Rules of Civil Procedure and therefore, defendants' Motion for More Definite Statement should be dismissed

---

[1] Wright and Miller, Federal Practice and Procedures; Civil §§ 1202, 1215-1226.

Respectfully submitted:

By: _____
LOUIS BERRY
1406 NINTH STREET
ALEXANDRIA, LOUISIANA  71301

and

P. SPENCER TORRY
33 BOLTON AVENUE
ALEXANDRIA, LOUISIANA  71301

ATTORNEYS FOR PETITIONERS

## C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Answer to Motion for More Definite Statement and Memo in Support of Answer to Motion for More Definite Statement has been mailed to Mr. Gregory M. Belfour, Assistant District Attorney, P. O. Box 3206, Lake Charles, Louisiana 70602, with proper postage affixed on this the 1st day of April, 1981 in Alexandria, Louisiana.

_____
COUNSEL