**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **RICKEY DALE CONLEY ET AL** | **CASE NO. 2:80-CV-01709** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SCHOOL BOARD OF CALCASIEU PARISH ET AL** | |

# MEMORANDUM ORDER

Before the court are Motions to Enroll [docs. 119, 120] filed by attorney Wilford D. Carter, for the purposes of asserting a Motion to Intervene [doc. 119, att. 3] on behalf of Danielle Dean, Brandi Marks, Rashonda Fontenot, Felicia Frank, Chassidy Gradney, and Kimberly Haley (collectively, "proposed intervenors") and filing a Motion to Alter or Amend Judgment [doc. 119, att. 2] on behalf of existing plaintiffs Harold L. Lewis, Jr.; Deborah Ware, and Linda Lewis. For the reasons set forth below, both the Motions to Enroll and the underlying Motion to Intervene and Motion to Alter or Amend Judgment are **DENIED.**

## I. BACKGROUND

The full procedural history of this desegregation case, which began in 1964, can be found in the court's prior opinion and is incorporated here by reference. *See* doc. 118. The matter was dormant, with no significant activity in the case for over 30 years at the time the undersigned took the bench. The case was reassigned to the undersigned on February 2, 2026. Doc. 108. On that date the court issued an order reopening the suit and stating in

the first line: "After a review of the record, the court is of the opinion that the parties should move toward unitary status and termination of this long-dormant litigation." Doc. 109. The court's order and the impending status conference were discussed at a school board meeting on February 10, 2026, where many members of the community addressed the board with their concerns. *See* Minutes of February 10, 2026, Calcasieu Parish School Board Meeting, *available at* https://www.cpsb.org/our-district/minutes. They were also covered in local media.[1]

The status conference proceeded the following day, with the court appointing Dr. Daryl Burckel as an expert under Federal Rule of Evidence 706(a). Doc. 115. The following month, the court also appointed Michael C. Hefner under Rule 706(a) "to review demographic issues in Calcasieu Parish in relation to the court's evaluation of whether Calcasieu Parish School Board has achieved unitary status." Doc. 116. Other than enrolling new counsel, the school board did not make any motions or file any opposition to the court's actions.

The local chapter of the NAACP held a forum to discuss the court's actions in March 2026, at which several community leaders spoke. Crystal Stevenson, Sounding the Alarm: NAACP Blasts Backsliding as La. Moves to Scrap School Desegregation Orders, American Press, Mar. 20, 2026, *available at* https://americanpress.com/2026/03/20/sounding-the-

[1] *See, e.g.*, Anissa Carby, Judge Summons Calcasieu School Board in Decades-old Desegregation Case, KPLC, Feb. 10, 2026, https://www.kplctv.com/2026/02/10/judge-summons-calcasieu-school-board-decades-old-desegregation-case/ (last visited Sept. 22, 2026); Natalie McLendon, Desegregation, Reviewed, THE CURRENT, Mar. 8, 2026, https://thecurrentla.com/2026/desegregation-reviewed/ (last visited Sept. 22, 2026).

alarm-naacp-blasts-backsliding-as-la-moves-to-scrap-orders/ (last visited Sept. 22, 2026). There Mr. Carter stated:

> We need named plaintiffs in good standing—meaning you have kids in the school system—to stop them from dismissing this case. We're raising money now to take depositions, hire experts, do studies and peer reviews. We've got to do something. We want to know what has been done since 1970. How many schools have they closed? How many zoning changes did they make? How many staffing changes?

*Id.*

But no filings were made on behalf of existing plaintiffs and no other individuals sought to intervene as plaintiffs before the court issued its decision on August 27, 2026. *See* doc. 118. In that ruling the court noted the lack of opposition and released the school board from its obligations under most areas of the prior consent decree. *Id.* The court retained jurisdiction to address the school board's desegregation obligations with respect to facilities and ordered the school board to develop a plan to move to parish-wide bonding for academic facilities. *Id.*

On September 15, 2026, Mr. Carter filed his first Motion to Enroll [doc. 119] on behalf of three of the existing plaintiffs, who were students enrolled in or eligible to enroll in Calcasieu Parish public schools at the time the original desegregation complaint was filed in February 1964. *See Conley v. Lake Charles Sch. Bd.*, No. 2:64-cv-9981 (W.D. La.), at doc. 2, att. 1. Through Mr. Carter, the existing plaintiffs seek to file a Motion to Alter or Amend the Judgment or for Relief from Judgment. Doc. 119, att. 2. Mr. Carter also seeks to enroll on behalf of proposed intervenors, who are parents of Black students currently

attending Calcasieu Parish public schools, and to be appointed as class counsel under Federal Rule of Civil Procedure 23. Docs. 119, 120; *see* doc. 119, att. 3.

## II.
## LAW & APPLICATION

Mr. Carter's motions to enroll are only properly before the court to the extent that his clients are proper parties to this suit. As to the original plaintiffs, Article III of the Constitution requires that those seeking to invoke the power of federal courts must allege an actual case or controversy. *Graves v. Walton Cnty. Bd. of Educ.,* 686 F.2d 1135, 1137 (5th Cir. 1982). This requirement, known as standing, "is determined by the present stage of litigation" and "becomes more difficult to establish as the litigation progresses." *Cowan ex rel. Johnson v. Bolivar Cnty. Bd. of Educ.*, 914 F.Supp.2d 801, 811 (N.D. Miss. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Standing necessitates an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (internal quotations omitted).

The original plaintiffs undoubtedly had Article III standing to pursue the injunctive relief that they sought when they filed suit, but it appears implausible that they are still students or parents of students eligible to enroll in Calcasieu Parish public schools. The fact that a desegregation order remains extant "does not create standing in perpetuity." *Duhon v. Tatje*, 2024 WL 4818269, at *6 (E.D. La. Nov. 18, 2024). The existing plaintiffs have not demonstrated that they currently have standing to assert any challenge to the

court's rulings in this matter. Counsel's motion to enroll and challenge the judgment on their behalf must be denied.

Proposed intervenors seek to cure the standing problem by joining the suit on behalf of themselves and a proposed class, challenging the court's termination of portions of the consent decree "without meaningful adversarial participation by the plaintiff class at a time when the class lacked living, participating, properly enrolled class counsel . . . ." Doc. 119, att. 5, p. 2. Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention to anyone who, upon timely motion, "claims an interest relating to the property or transaction that is the subject of the action" and who "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless existing parties adequately represent that interest. To intervene of right, the moving party must thus establish all of the following: (1) the motion to intervene is timely; (2) the movant has an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect that interest; and (4) the movant's interest is inadequately protected by existing parties. *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)).

The proposed intervenors' request fails at the first element. Timeliness is a "threshold question addressed to the sound discretion of the court." *Jones v. Caddo Par. Sch. Bd.*, 204 F.R.D. 97, 100 (W.D. La. 2001). In exercising this discretion, the court should consider the following: (1) the length of time the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned to intervene;

(2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination of timeliness. *Andrews v. City of Monroe*, 314 F.R.D. 422, 425–26 (W.D. La. 2016) (citing *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

"[T]he relevant time period for gauging the timeliness of an application for intervention begins when the proposed intervenor knew or should have known of his or her interest in the case; actual knowledge is not required." *Moore v. Tangipahoa Par. Sch. Bd.*, 2021 WL 2379535, at *4 (E.D. La. June 10, 2021) (quoting *Jones v. Caddo Par. Sch. Bd.*, 704 F.2d 206, 220 (5th Cir. 1983)). The court's decision to evaluate whether CPSB had reached unitary status was well publicized over six months ago. Through the numerous comments offered on the record at that time, it was apparent that members of the community reasonably understood the potential impact on existing programs, including majority-minority transfers. Yet the proposed intervenors chose to wait several months and only applied to join the suit after the court had issued its decision.

Allowing proposed intervenors to join the suit and potentially reopen the court's prior ruling would also prejudice CPSB. CPSB cooperated with the court-appointed experts but elected not to file any motions or present any evidence of its own during the review period. It has only requested that the court reconsider a small portion of its original ruling, relating to a planned bond election. *See* doc. 120. Reopening the matter for an adversarial

process, after plaintiffs inexplicably failed to engage at any earlier opportunity, would compel the district to spend additional time and money as the court conducted a full inquiry under the *Green* factors. It would also delay implementation of the court's mandates aimed at remedying funding disparities.

The prejudice to would-be intervenors is comparatively small. Only one of the proposed intervenors currently uses the majority-minority transfer option for her children, who would be grandfathered in. The others complain of their inability to access this program if they choose to do so in the future. But the court's ruling only relieved the district of its obligation to continue providing free transportation to students seeking to transfer to out-of-zone schools based on their race. The court made clear that the district retained full discretion to grant out-of-zone permits to any student. And to the extent that the district wishes to facilitate transportation for any out-of-zone student, it now has the authority to develop its own policy. Finally, Calcasieu Parish School Board remains accountable for the success of all schools within the district and its members are politically accountable to the community if they are dissatisfied with resource allocation to their in-zone schools.

"The final factor requires the movant to identify an unusual circumstance that calls for intervention." *Moore*, 2021 WL 2379535 at *6. "Although there is no specific showing of unusual circumstances, a movant may 'advance a convincing justification for his tardiness, such as that for reasons other than lack of knowledge he was unable to intervene sooner.'" *Id.* (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977)). Proposed intervenors offer no explanation for their delay. The court determines that they should have been aware of their interest several months ago and should have moved to

intervene at the earliest opportunity. The factors weigh against a finding of timeliness, which is sufficient to deny the motion.

## III.
## CONCLUSION

For the reasons stated above, the existing plaintiffs lack standing to challenge the court's recent rulings and the proposed intervention must be denied as untimely. The Motions to Enroll [docs. 119, 120] by attorney Wilford D. Carter and the underlying motions he sought to file on behalf of these parties are therefore **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 29th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**